UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIKTOR GRISHCHENKO,<br><br>                    Petitioner,<br><br>v.<br><br>KRISTI NOEM, Secretary of the Department of Homeland Security, PAMELA JO BONDI, Attorney General, TODD M. LYONS, Acting Director, Immigration and Customs Enforcement, JESUS ROCHA, Acting Field Office Director, San Diego Field Office, CHRISTOPHER LAROSE, Warden at Otay Mesa Detention Center,<br><br>                    Respondents. | Case No.: 25-cv-3514-JES-JLB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>[ECF No. 1] |

      Before the Court is Petitioner Viktor Grishchenko's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, filed on December 10, 2025. ECF No. 1 ("Pet.").

Respondents filed a return on December 16, 2025. ECF No. 9. Petitioner filed a traverse on December 17, 2025. ECF No. 10. For the reasons set forth below, the Court **GRANTS** the Petition.

## I. BACKGROUND

Petitioner is a citizen of Russia who entered the United States in April of 2023. Pet. at 3; ECF No. 9 at 2. In December of 2024, Petitioner was taken into custody by Immigration and Customs Enforcement ("ICE"). ECF No. 9 at 2. In May of 2025, Petitioner was released on bond while his asylum case was pending. *Id.*

On June 10, 2025, an immigration judge issued an order of removal against Petitioner and also granted Petitioner withholding of removal to Russia under the Convention Against Torture ("CAT"). *Id.* Petitioner and DHS both waived appeal, making the order final on that date. *Id.*

Petitioner has been in custody since his final order of removal and withholding were entered. Pet. at 3; ECF No. 9 at 2. Respondents have attempted to remove Petitioner to a third country during this time, but have been unable to effectuate removal. ECF No. 9 at 2. Specifically, San Diego Enforcement and Removal Operations ("ERO") has requested updates from the national ERO office regarding Petitioner's third country removal on six different occasions in 2025. *Id.* Respondents state that they are currently waiting on further information regarding the possibility of third country removal. *Id.*

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections

have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, challenges to immigration-related detention are within the purview of a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

### III.  DISCUSSION

Petitioner argues that his continued detention violates the Fifth Amendment's Due Process clause under the standard set forth by *Zadyvdas* because he has been detained for over six months and Respondents have not shown a likelihood of effectuating his removal. Pet. at 10; *Zadvydas v. Davis*, 533 U.S. 678 (2001). The Court agrees.

Following a final order of removal against an alien, the government "shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A)-(2)(A). The government may hold the alien in custody during the initial 90-day removal period by statute. *Id.* In *Zadvydas*, the Supreme Court held that when the government is unable to remove an alien within 90 days, the alien may seek review of the reasonableness of their continued detention under the due process clause through petition for writ of habeas corpus. 533 U.S. at 687. The Court instructed habeas courts to analyze whether continued detention beyond the 90-day period "exceeds a period reasonably necessary to secure removal," based on "the [removal detention] statute's basic purpose, namely, assuring the alien's presence at the moment of removal." *Id.* at 699. The Court has held that it is presumptively reasonable for the government to detain an alien for a period of 6 months while it works to effectuate his removal after issuing a final order of removal against him. *Id.* at 701. Beyond that period, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute" and grant the petition for writ of habeas corpus. *Id.* at 699-700.

Here, Petitioner has been in custody with a final order of removal since June 10, 2025, which is over six months at the time of this order. Pet. at 11. As the presumptively reasonable time has elapsed, the Court must consider whether Respondents have shown that Petitioner's removal is reasonably foreseeable. *See Zadvydas,* 533 U.S. at 699-700.

Respondents may not remove Petitioner to his home country of Russia under his CAT withholding order. Pet. at 3. Respondents have tried to effectuate Petitioner's third country removal through requests to ERO on six occasions, to no avail. ECF No. 9 at 2. In their response, Respondents do not identify any potential countries which might accept Petitioner's third country removal, or any factors related to Petitioner or people like him which might make a future removal attempt successful when others have failed. *See generally*, ECF No. 9.

Respondents argue that granting this Petition would be premature because they have sent requests within ICE for assistance identifying further countries to which Petitioner may be removed. ECF No. 9 at 5. However, the Government's diligent and/or good faith effort to remove an individual is not sufficient to show a significant likelihood of that individual's removal. *See Conchas-Valdez v. Casey*, No. 25-cv-02469-DMS-JLB, 2025 WL 2884822 at * 3 (S.D. Cal. Oct. 6, 2025) (citing *Hassoun v. Sessions*, No. 18-CV-586-FPG, 2019 WL 78984, at *5 (W.D.N.Y. Jan. 2, 2019)). With an order prohibiting Petitioner's removal to his country of citizenship, six unsuccessful requests to ERO to effectuate his removal, and no individualized information showing a significant likelihood of Petitioner's removal to any other country, the Court cannot find that Respondents have met their burden. *See Zadvydas*, 533 U.S. at 680. Thus, the Petition is **GRANTED** on due process grounds.

### IV.   CONCLUSION

For the reasons stated above, Petitioner's Writ of Habeas Corpus is **GRANTED**. As the requested relief available on habeas is granted, Petitioner's remaining claims are moot. Respondents are **ORDERED** to immediately release Petitioner from custody, subject to his preexisting bond order.

//
//
//
//

1     The Parties are **ORDERED** to file a Joint Status Report no later than **5:00 p.m.** on **December 18, 2025**, confirming that the Petitioner has been released. The Clerk of Court is **ORDERED** to **CLOSE** this case.

    **IT IS SO ORDERED.**

Dated: December 17, 2025

_____
Honorable James E. Simmons Jr.
United States District Judge